UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN L. HILL, et al.,

                Plaintiffs,

                              CIVIL CASE NO. 03-40025

v.

BLUE CROSS AND BLUE SHIELD OF        HONORABLE PAUL V. GADOLA
MICHIGAN,                          U.S. DISTRICT COURT

                         Defendants.
_____/

## ORDER

### I.    Introduction

This putative class action suit arises out of Defendant Blue Cross and Blue Shield of Michigan's ("BCBSM") handling of medical emergency claims.  Individual Plaintiff John L. Hill is a participant and beneficiary in an employee benefit plan sponsored by General Motors Corporation and administered by BCBSM.  Plaintiff Hill, and other Plaintiffs similarly situated, claim BCBSM wrongfully denied benefits when it used final diagnosis codes rather than signs and symptoms at the time of treatment to determine benefit eligibility.  Plaintiffs claim that this faulty benefit determination scheme was and is currently used not only for benefit plans sponsored by General Motors Corporation, but for each of the plans BCBSM administers on behalf of numerous other sponsor corporations.  Plaintiffs allege this method of claim administration is a violation of the Employee Retirement Income Security Act.  (Individual benefits claims pursuant to 29 U.S.C. § 1132(a)(1)(B);  breach of fiduciary duty claims pursuant to 29 U.S.C. §§ 1104, 1105, 1109).

Now before this Court are Defendant's objections to the Magistrate Judge's order of March 16, 2006, and Plaintiffs' motion to compel discovery. Rather than proceeding directly to an examination of the motions now before the Court, it is first necessary, due to the nature of this case and its procedural posture, to more carefully reexamine the past history of this case and its impact on any future litigation.

## II. Procedural History

Plaintiffs John L. Hill, et al., filed an amended complaint on March 14, 2003. After numerous filings, this Court granted Defendant BCBSM's motion to dismiss on November 21, 2003. *Hill v. Blue Cross & Blue Shield of Michigan*, 299 F. Supp. 2d 742 (E.D. Mich. 2003). Plaintiffs then appealed this Court's order to the Court of Appeals for the Sixth Circuit on December 10, 2003. The Sixth Circuit affirmed this Court's dismissal of the individual benefits claims of Plaintiffs Francine Barnes, Franchot Barnes, Francesca Barnes, and Glory Celestine, reversed the dismissal of Plaintiff Hill's individual benefits claim, 29 U.S.C. § 1132(a)(1)(B), and reversed the dismissal of all Plaintiffs' 29 U.S.C. §§ 1104, 1105, and 1109 fiduciary-duty claims. *Hill v. Blue Cross & Blue Shield*, 409 F.3d 710, 723 (6th Cir. 2005).

Following remand, on June 17, 2005, this Court ordered the parties to file briefing that detailed their respective positions on the remaining issues and necessary proceedings. Both parties filed the requested briefing, setting forth those positions. Subsequently, on January 26, 2006, this Court set a dispositive motion deadline of March 17, 2006. That order was issued *sua sponte* and contained absolutely no discussion of the future discovery process.

Seeking additional time for discovery before filing dispositive motions, Plaintiffs filed a

2

motion titled "Expedited Motion to Modify January 26, 2006 Order." Because Plaintiffs' motion concerned discovery matters this Court had not ruled on, the motion was referred to Magistrate Judge Donald Scheer. Following referral, the Magistrate Judge promptly heard oral arguments on March 7, 2006. Magistrate Judge Scheer indicated his findings at the hearing and subsequently issued a written order on March 16, 2006. The Magistrate Judge's order directed that Defendant file an answer on or before March 28, 2006; that the parties provide Rule 26(a) disclosures on or before March 28, 2006; and that "the parties shall be permitted to undertake discovery and all such discovery, including resolution of any discovery motions, shall be completed by August 31, 2006." Order Modifying January 26, 2006 Order, pp. 1-2 (E.D. Mich. Mar. 16, 2006).

On March 17, 2006, Defendant filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1) and on March 28, 2006, subsequently filed a motion titled "Appeal of Magistrate Judge Decision." In that March 28, 2006 motion, Defendant argues that Plaintiffs' motion to modify the January 26, 2006 order was in actuality a motion for rehearing or reconsideration pursuant to Local Rule 7.1(g) of the Eastern District of Michigan. In particular, Defendant argues that Magistrate Judge Scheer failed to apply the relevant standard when he ordered discovery and created the scheduling order because, according to Local Rule 7.1(g) of the Eastern District of Michigan, he could only modify this Court's order if Plaintiffs demonstrated "a palpable defect by which the court and the parties have been mislead" and where correcting the defect would "result in a different disposition of the case." E.D. Mich. L. R. 7.1(g). Defendant argues that because Magistrate Judge Scheer did not use that standard, this Court should vacate or amend his order.

On June 9, 2006, Plaintiff filed a motion to compel discovery, alleging that Defendant

3

refused to participate in the discovery process as set out by Magistrate Judge Scheer's March 16, 2006 order. Defendant admits that it has not participated in discovery, but claims in its response that participating in discovery prior to this Court's ruling on Defendant's March 17, 2006 motion to dismiss is "unnecessarily burdensome" and that Magistrate Judge Scheer's order is not an order compelling discovery.

The Court initially referred Plaintiffs' motion to compel to Magistrate Judge Scheer, but based on the intertwined nature of the motion to compel and Defendant's outstanding objections to the Magistrate Judge's previous order, this Court subsequently vacated the order of referral. This litigation, already painstakingly slow, has now ground to a halt, thwarting the fair and efficient adjudication of Plaintiffs' claims. The Court, now forced to reexamine the course of this cause of action, believes this case may be more efficiently resolved if this Court takes action that will allow the parties to essentially begin the litigation anew.

## III.    A Reconsideration of the Filings to Date

1. Magistrate Judge Scheer's Order

Following remand, the Court ordered the parties to file briefing that detailed their respective positions on the remaining issues and necessary proceedings. This Court, in its January 26, 2006 order, then set a deadline of March 17, 2006 for dispositive motions. This order was issued not in response to any motions by either party, but *sua sponte*. Furthermore, the order was silent with respect to issues surrounding discovery. While some may have interpreted this Court's short dispositive motion cut-off deadline, combined with the order's silence as to the contested issues of discovery, as an expression that discovery should be curtailed or eliminated, that was not the intent

4

of this Court.  This Court remained silent with respect to discovery because there were no motions then before the Court and because  this Court firmly believes that when issues regarding discovery are raised, they are most efficiently and judiciously handled by magistrate judges.  *See* Honorable Paul V. Gadola Policies and Procedures for Civil Cases, pp. 6-7.  This Court's silence was not a ruling in any way on the merits of the parties' respective positions contained in their briefs.

Plaintiff, fearing that there was insufficient time to conduct discovery before dispositive motions were due, then filed a motion to "modify" this Court's January 26, 2006 order on February 7, 2006.  This Court, viewing that order not as a motion for a true modification of this Court's order, but instead, as one relating to the issues surrounding discovery, referred the motion to Magistrate Judge Scheer.  *See* Honorable Paul V. Gadola Policies and Procedures for Civil Cases, pp. 6-7. Magistrate Judge Scheer conducted a hearing on the motion on March 7, 2006.

Defendant now argues that Magistrate Judge Scheer applied an incorrect standard when considering Plaintiffs' motion because the Plaintiffs motion to modify this Court's order was actually a disguised motion for rehearing or reconsideration.  *See* E.D. Mich. L. R. 7.1(g). Therefore, Defendant contends, Magistrate Judge Scheer could only modify this Court's order if there was a palpable defect that misled the parties and if correcting that defect would alter the outcome of the case.  *See id.*

While Defendant is correct in stating the requirements of Local Rule 7.1(g), that rule is not applicable in the instant situation.  Despite Defendant's argument and Magistrate Judge Scheer's understandable uneasiness about ruling on a motion titled as a motion to modify an order of this Court, this Court viewed Plaintiffs' February 7, 2006 motion as pertaining solely to the discovery

5

issues the Court had purposely left undecided for the reasons already stated. While it is true that a consideration of the discovery issues necessarily involved the modification of the date set for the dispositive motions, the modification of that date was only ancillary to the substantive nature of the motion for discovery then before Magistrate Judge Scheer.

Nevertheless, faced with what in his view was the difficult task of reviewing an order of this Court, Magistrate Judge Scheer made a thorough review of the parties' written and oral arguments. The Magistrate Judge dutifully conducted the hearing and, based on the issues then presented to him, set forth his findings to both parties. A review of the transcript reveals that Magistrate Judge Scheer carefully considered the parties' positions, balanced the countervailing arguments, set forth a discovery schedule, and, based on what he knew at the time of the hearing, suggested the scope of discovery he found appropriate. Magistrate Judge Scheer explicitly recognized the potentially complex nature of discovery in the instant case but seemed optimistic that the parties could successfully navigate the discovery process. Given the potential complexity, Magistrate Judge Scheer expressly declined to specify every nuance of the scope of discovery that was appropriate but did give the parties sufficient indicia of those areas he then considered open for discovery. Therefore, after a thorough review of Magistrate Judge Scheer's proceedings and findings, this Court finds that he appropriately considered the relevant facts and circumstances surrounding the matter then before him.

After more than three years of proceedings and considerable use of judicial resources, this case is still in the earliest stages of litigation. And while this Court does not find any fault with Magistrate Judge Scheer's March 16, 2006 order, the Court believes merely overruling Defendant's

6

objections to that order would not be enough to place this cause of action back on track toward an efficient resolution. Consequently, this Court believes that a much more dynamic and proactive approach is required in the instant case.

2. Vacatur of this Court's January 26, 2006 Order

This Court finds that, even at this late date, its January 26, 2006 order setting forth the short deadline for dispositive motions and remaining silent as to discovery has created a great deal of confusion between the parties. To eliminate that confusion and erase all doubts and conjecture about the intent of that order, this Court will now vacate that order in its entirety.

This Court is aware of the rippling effect this vacatur has on other filings within this case; those consequences are not unintended. The vacatur of this Court's January 26, 2006 order renders moot *all* filings based on that order. Consequently, Defendant's appeal of Magistrate Judge Scheer's March 16, 2006 order and Plaintiffs' motion to compel discovery are now moot. As such, those filings shall be stricken from the record.

3. Defendant's Motion to Dismiss

This Court must also consider the current relevance of Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Although titled as a motion to dismiss, Defendant has alternately alluded to the motion, both before filing and in the brief accompanying the motion itself, as a motion for summary judgment. *See* Oral Arg. on Pl.'s Mot. to Modify the District Court's Jan. 26, 2006 Order, Tr. p. 8 (Mar. 7, 2006); Def.'s Br. in Support of Mot. to Dismiss, p. 7 (Mar. 17, 2006). As a precautionary measure, this Court reminds the parties that "[t]his Court has a general policy that motions for summary judgment will not be considered until

7

after the close of discovery." *Ramik v. Darling Int'l, Inc.*, 161 F. Supp. 2d 772, 776 n.1 (E.D. Mich. 2001) (Gadola, J.) (citing *McLaren Performance Techs., Inc. v. Dana Corp.*, 126 F. Supp. 2d 468, 470 (E.D. Mich. 2000) (Gadola, J.); *Helwig v. Kelsey-Hayes Co.*, 907 F. Supp. 253, 255 (E.D. Mich. 1995) (Gadola, J.)).  No matter the type of motion intended to be filed, Defendant clearly believed the March 17, 2006 dispositive motion deadline set by this Court in its January 26, 2006 order, remained in effect.  Def.'s Br. in Support of Mot. to Dismiss, p. 7 (Mar. 17, 2006).  But that order has now been vacated and, as has already been made clear, all filings based on that order are considered as moot.  Furthermore, this Court believes it would be unfair to force Defendant to rely on a motion filed in contemplation of a deadline contained in a now vacated order.  Consequently, for the aforementioned reasons, Defendant's motion to dismiss is now denied without prejudice.

## IV.   Future Trajectory of this Course of Action

The Court understands the dramatic nature of the actions it has taken thus far in this order. Its review of this case, however, has dictated these measures.  Instead of choosing to use the procedural rules to "secure the just, speedy, and inexpensive determination" of the action, Fed. R. Civ. P. 1, the parties have instead chosen to use them to stall this litigation at square one. Consequently, this Court believes that both parties will benefit from further guidance by this Court.

### 1.  Defendant's Answer

Although Plaintiff filed an amended complaint more than three years ago on March 14, 2003, no answer has been filed.  An answer, by its nature, assists the Court and the opposing party in clarifying the issues in the complaint.  *See* Fed. R. Civ. P. 8(b).  In the instant case, besides clouding the issues, the failure to answer has had yet another deleterious effect on the progression of this case.

8

Commonly, this Court notifies the parties of a scheduling conference only after an answer has been filed. *See* Honorable Paul V. Gadola Policies and Procedures for Civil Cases, pp. 2-3. It is the notification of this scheduling conference that triggers the parties' obligation to confer and submit a joint discovery plan. *See id.*; Fed. R. Civ. P. 26. Despite more than three years of litigation, the parties have yet to meet regarding discovery and have not filed a joint discovery plan. The origin of this problem is directly traceable to the lack of an answer. Consequently, the Court will order Defendant to file an answer within twenty-one days of the filing of this order. That answer shall conform to all applicable rules of procedure. Plaintiff shall then have the opportunity to file a reply, also in conformity with all applicable rules.

Defendant has argued that because it filed a second motion to dismiss, it is not required to file an answer until this Court denies or postpones consideration of that motion. *See* Fed. R. Civ. P. 12(a)(4). Because Defendant's motion to dismiss has now been stricken, Defendant's argument is moot. Furthermore, if this Court were to consider Defendant's argument at this time, although technically correct, this Court recognizes that Rule 12(a)(4) also provides that a court may order an answer to be filed at a time *other than* after the motion to dismiss has been denied or the court has postponed consideration of the motion. *See* Fed. R. Civ. P. 12(a)(4) ("*Unless a different time is fixed by court order*, the service of a motion permitted under this rule alters these periods of time as follows: (A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action. . . .") (emphasis added). Although this Court has now stricken Defendant's motion to dismiss and thereby negated Defendant's current rationale for declining to file a answer, because this Court has

9

affirmatively ordered Defendant to file an answer at a time fixed by this Court, any future motion to dismiss under Federal Rule of Civil Procedure 12 shall not alter Defendant's affirmative obligation to answer Plaintiffs' amended complaint.[1]

    2. Scheduling Order

    Moving forward in a fair and efficient manner in the instant case requires that both parties have a clear expectation of the deadlines for proceeding to trial.  A scheduling order will greatly advance those goals.  While this Court's standard procedure is to notify the parties of the date of the scheduling conference after the answer, the Court finds that this order obviates that notification. Therefore, the Court will *not* otherwise notify the parties of that conference, but instead, shall order the parties to independently convene and *jointly* develop a proposed scheduling order.  This proposed order shall be submitted to the Court no later than October 15, 2006.[2]  The parties' proposed order shall set forth the significant dates in the case, including the closing date for discovery and the cut-off date for filing dispositive motions.  In the event that the parties cannot agree on any one or more of dates to be included, each party shall indicate the last date that was submitted to the opposing counsel but was denied.   No arguments or supporting statements shall be included in this document and no other pleadings related to scheduling will be allowed at this time.  The form of this document shall comply with all applicable rules and guidelines, and shall not,

---

[1]This Court does not now consider whether any future motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b) would be barred under an application of Federal Rules of Civil Procedure 12(g).

[2]For the purpose of the applicable rules regarding discovery, October 15, 2006 shall be considered the date of the scheduling conference.  *See* Fed. R. Civ. P. 26.

under any circumstances, exceed five pages in length.

## V.    Conclusion

This Court firmly believes that every action before it deserves a "just, speedy, and inexpensive" resolution.  Fed. R. Civ. P. 1.  Such a lofty goal is not realized, however, merely by its appearance in written form within the Federal Rules of Civil Procedure.  Each party, along with the Court, bear the responsibility of diligently applying all the rules in a manner consistent with the effectuation of that goal.  Frequently the Federal Rules of Civil Procedure, the Local Rules, and this Court's Policies and Procedures are sufficient to firmly place a cause of litigation on track to achieve that goal.  Sometimes, however, these rules are not enough.   In the instant case, after a full consideration of the circumstances, this Court is required to take extraordinary, but justified, action. The purpose of these maneuvers is not to penalize any one party as the determinative cause for the protracted delay surrounding these proceedings.  Instead, this Court's actions are to clarify any confusion that remained after remand and to place the parties in a position where they can fully proceed on the merits of their claims and defenses.

Counsel should not, however, interpret this Court's statements to mean that they are without fault. The parties are reminded that while zealous advocacy is greatly appreciated as a hallmark of the profession of law, that advocacy is not unbounded.  With the slate of this case effectively wiped clean, the parties are encouraged to proceed only with reasonable, supportable claims for relief and requests for discovery.  Furthermore, those claims and requests should not be met with procedural tactics used only to produce delay or increase expense; both parties are expected to proceed using good faith and sound professional judgment.

11

**ACCORDINGLY, IT IS HEREBY ORDERED** that this Court's January 26, 2006 order [docket entry 37] is **VACATED**.

**IT IS FURTHER ORDERED THAT** Defendant's Motion to Dismiss [docket entry 43] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED THAT** Defendant's Appeal of the Magistrate Judge's Decision [docket entry 45], and Plaintiffs' Motion to Compel Discovery [docket entry 50] are **STRICKEN**.

**IT IS FURTHER ORDERED THAT** Defendant shall **FILE AN ANSWER** to Plaintiffs' amended complaint within **TWENTY-ONE (21) DAYS** of the filing of this order.

**IT IS FURTHER ORDERED THAT** the parties shall **SUBMIT** a proposed scheduling order, not inconsistent with this order, **NO LATER THAN OCTOBER 15, 2006.**

**SO ORDERED.**

Dated:   August 22, 2006          s/Paul V. Gadola
                                  HONORABLE PAUL V. GADOLA
                                  UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   August 22, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
  G. Christopher Bernard; Elwood S. Simon; James J. Walsh; John P. Zuccarini          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____ .

                                  s/Ruth A. Brissaud
                                  Ruth A. Brissaud, Case Manager
                                  (810) 341-7845

13